John J. RYAN, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 01–3844.

United States Court of Appeals, Seventh Circuit.

Submitted March 27, 2003.*

Decided March 27, 2003.

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

ORDER

John J. Ryan pleaded guilty in September 1998 to possessing heroin in a federal prison, in violation of 18 U.S.C. 1791(a)(2) and (b)(1). He did not file a direct appeal, but in June 2001 he filed a motion under 28 U.S.C. § 2255 seeking to vacate his conviction on the ground that the district court lacked jurisdiction to adjudicate his case because the indictment failed to allege any *mens rea* element. The district court denied the petition as untimely, *see* § 2255, but a judge of this court granted Ryan a certificate of appealability limited to the issue "[w]hether the indictment against Ryan sufficiently set forth a violation of 28 U.S.C. § 1791 when it did not include a *mens rea* element."

After we granted the certificate of appealability the Supreme Court released its decision in *United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), which makes clear that defects in an indictment do not deprive a district court of jurisdiction to adjudicate a criminal case. *Id.* at 1785. Ryan's argument that a defect in the indictment deprived the district court of jurisdiction is accordingly foreclosed.

We also directed the parties to brief the issue whether Ryan timely raised his jurisdictional challenge, since he filed his motion past the one-year deadline imposed by § 2255. Since Ryan's jurisdictional challenge, even if timely filed, is without merit, we need not address this issue.

AFFIRMED.

---

* Although Ryan was represented by appointed counsel during the briefing of this appeal, counsel withdrew after the filing of Ryan's brief. After examination of the briefs and the record, we have determined that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).